# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOSEPH WILCOX                                                                                    CIVIL ACTION

VERSUS                                                                                                   16-187-SDD-EWD

HARCO INTERNATIONAL INSURANCE,
HILL AND HILL TRANSPORT, INC. AND
ANTHONY RICHARDS

# RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] by Defendants, Harco International Insurance ("Harco"), Hill and Hill Transport, Inc. ("Hill & Hill"), and Anthony Richards ("Richards")(or collectively "Defendants"). Plaintiff, Joseph Wilcox ("Plaintiff"), has filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply.*[3] For the following reasons, the Court finds that Defendants' motion should be granted.

## I.  FACTUAL BACKGROUND

This lawsuit arises out of an automobile accident that occurred on December 17, 2014, when Richards, operating a commercial tractor trailer owned by Hill & Hill, collided with an automobile being driven by Plaintiff. The underlying facts of the accident are

---

[1] Rec. Doc. No. 12.
[2] Rec. Doc. No. 15.
[3] Rec. Doc. No. 19.
39800

disputed; however, Defendants contend there is no dispute that Richards was acting within the course and scope of his employment with Hill & Hill at the time of the accident. The Defendants have admitted to this fact.[4]  Thus, if Richards is ultimately found to be at fault, Defendants concede that Hill & Hill will also be vicariously liable for Richards' negligence.

Nevertheless, Plaintiff has also asserted independent claims of negligence against Hill & Hill alleging that Hill & Hill failed to properly train Richards; failed to employ a safe and competent driver; failed to properly supervise and instruct its driver; and permitted its employees to drive while distracted.[5]  Defendants now move for partial summary judgment arguing that it would constitute legal error for a jury to allocate separate fault against Hill & Hill independent of the negligence of its employee Richards.  Plaintiff opposes this motion and argues that Louisiana Civil Code article 2323 mandates a comparative fault regime; thus, Plaintiff is entitled to pursue independent claims of negligence against Hill & Hill.

## II.   LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing

---

[4] Rec. Doc. No. 5.
[5] Rec. Doc. No. 1-2, ¶ 12.
[6] Fed. R. Civ. P. 56(a).
39800

the evidence."[7] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[8] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[9] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[10]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[11] All reasonable factual inferences are drawn in favor of the nonmoving party.[12] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[13] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to

---

[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[8] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[9] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[10] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[12] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[13] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

39800

support the complaint.""[14]

### B. Vicarious Liability under Louisiana Law

The principle of vicarious liability in Louisiana law is codified in Civil Code article 2320, which provides, in pertinent part: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."[15] "Vicarious liability rests in a deeply rooted sentiment that a business enterprise cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities."[16] An employer's vicarious liability for conduct which is not his own extends only to the employee's tortious conduct which is within the course and scope of employment.[17]

Defendants contend that Plaintiff cannot simultaneously allege Hill & Hill's negligence under a theory of vicarious liability for its driver's negligence and maintain independent negligence claims against Hill & Hill. Defendants further argue that comparative fault is inapplicable in a case where liability is based on the relationship between an employee and employer under the theory of *respondeat superior*. Defendants contend that Plaintiff has failed to recognize that vicarious liability is not a cause of action but a method of holding one party liable for the conduct of another; thus, the legal principles of comparative fault are irrelevant to the claims asserted in this case.

Defendants cite to the *Judgment* of the Honorable William A. Morvant of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in *Croft v. Liberty*

---

[14] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[15] *Iglinsky v. Player*, No. 08-650-BAJ-CN, 2010 WL 4905984 at *2 (M.D. La. Nov. 24, 2010).
[16] *Richard v. Hall*, 2003–1488 (La.4/23/04), 874 So.2d 131, 138.
[17] *Kelly v. Dyson*, 10–61 (La.App. 5 Cir. 5/25/10), 40 So.3d 1100, 1105.
39800

*Mutual Insurance Company, et al.*,[18] wherein the court granted partial summary judgment in favor of the defendants and stated:

> It is undisputed that Lloyd Allen was acting in the course and scope of his employment with United Parcel Service, Inc. at the time of the accident with plaintiff Mark Croft. Thus, plaintiff's independent claims of negligent hiring, training, and supervision against United Parcel Service Inc., are hereby dismissed, with prejudice.[19]

Defendants also rely heavily on the recent decision of the district court for the Western District of Louisiana in *Dennis v. Collins*,[20] a case factually analogous to the case before the Court. In *Dennis*, a plaintiff asserted causes of action against Greyhound and its driver for damages that resulted from a motor vehicle accident. The plaintiff also asserted individual claims against Greyhound for negligent hiring, training, and supervision of its driver. The court noted that Greyhound did not argue "that a plaintiff can never simultaneously maintain both (1) a direct negligence (i.e., negligent hiring, training, and or/supervision) cause of action against an employer and (2) a tort cause of action against an employee for which the plaintiff seeks to hold the employer vicariously liable."[21] Rather, the court explained that: "Greyhound argues only that a plaintiff cannot simultaneously maintain both (1) a direct negligence cause of action against an employer and (2) a negligence cause of action against an employee for which the plaintiff seeks to hold the employer vicariously liable when the defendant stipulates that the employee acted in the course and scope of employment."[22]

The *Dennis* court examined this question in great detail and researched a wealth

---

[18] No. 581,732 – Section 23, dated October 23, 2014.
[19] *See* Rec. Doc. No. 12-4.
[20] No. 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016).
[21] *Id.* at *5.
[22] *Id.*
39800

of Louisiana federal and state jurisprudence on the issue. The *Dennis* court ultimately rejected plaintiff's argument and held:

> If the trier of fact finds that he was negligent and that his negligence was a cause-in-fact and legal cause of Dennis' injuries, then Greyhound is liable for Collins' actions. If he was not negligent, then no amount of negligence on the part of Greyhound in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis' injuries. In other words, if the trier of fact does not find that Collins (exercising his training and under the supervision of Greyhound on the day of the collision) was negligent on the day of the collision, the trier of fact could not reasonably find that but-for Greyhound's failure to properly train and supervise Collins, the injuries to Dennis would not have occurred. Nor could the trier of fact reasonably find that Greyhound's failure to properly train and supervise Collins was a legal cause of Dennis' injuries if Collins was not negligent; Greyhound should not be held liable if its failure to train and supervise Collins did not result in an actual breach of duty by Collins on the day of the collision. Greyhound's Motion for Partial Summary Judgment must therefore be GRANTED.[23]

Plaintiff has failed to show why the same result is not mandated in the present case. Plaintiff has offered no genuinely disputed material fact or legal argument in the present case to defeat Defendants' entitlement to summary judgment on this issue. Plaintiff's argument that Louisiana's comparative fault regime allows him to pursue independent claims of negligence against Hill & Hill while simultaneously asserting that Hill & Hill is vicariously liable for the negligence of Richards is without merit.

---

[23] *Id.* at *8.
39800

### III. CONCLUSION

For the reasons set forth above, Defendants' *Motion for Partial Summary Judgment*[24] is GRANTED, and the independent negligence claims asserted against Hill & Hill are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 23, 2017.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[24] Rec. Doc. No. 12.

39800